No. 720          August 6, 2025          543

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. Z.-R. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. D. C.,
aka A. D. C.,
*Appellant.*

Jackson County Circuit Court
23JU05461; A186115 (Control)

In the Matter of B. J. J. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. D. C.,
aka A. D. C.,
*Appellant.*

Jackson County Circuit Court
23JU05460; A186114

David J. Orr, Judge.

Submitted May 28, 2025.

George W. Kelly filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this consolidated juvenile dependency case, mother challenges the juvenile court's judgments terminating her parental rights to her two younger children based on unfitness, ORS 419B.504, and neglect, ORS 419B.506. She has other children who were not involved in this termination proceeding, and father, who stipulated to termination, is not a party to this appeal. In three assignments of error, mother challenges the court's unfitness and neglect determinations as well as its conclusion that termination was in the children's best interests. On *de novo* review as required by ORS 419A.200(6) and ORS 19.415(3)(a), we are persuaded that the evidence is clear and convincing that the requirements for termination based on unfitness under ORS 419B.504 are met and that it is in the children's best interests that mother's parental rights be terminated. Accordingly, we affirm.

We begin and end with the unfitness determination. *See State ex rel Dept. of Human Services v. Radiske*, 208 Or App 25, 59, 144 P3d 943 (2006) (observing that unfitness and neglect are "independently sufficient statutory grounds for termination"). A juvenile court may terminate an individual's parental rights if the court determines that, at the time of trial, the parent is "unfit by reason of conduct or condition seriously detrimental to the child" and if integration of the child into the parent's home is "improbable within a reasonable time due to conduct or conditions not likely to change." ORS 419B.504. Moreover, parental rights may be terminated based on unfitness only if the court determines that it is in the child's best interests. ORS 419B.500(1). In reviewing *de novo*, we examine the record "with fresh eyes" to determine whether the evidence developed before the juvenile court persuades us that those legal requirements for termination were met. *See Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019). Under the applicable clear-and-convincing-evidence standard, "we must be persuaded by the evidence that it is highly probable that termination" is in the children's best interests. *Id.*

After reviewing the record, we conclude that the evidence is clear and convincing that mother is unfit to parent

her younger children, who were approximately four and six years old at the time of the termination hearing. Because the parties are familiar with the undisputed background facts, including the long history of involvement by the Oregon Department of Human Services (ODHS) and the individual circumstances of the children, we do not provide a recitation for this nonprecedential memorandum opinion. Suffice it to say that ODHS has been involved with the family because of, among other conditions, father's domestic violence, unsanitary conditions in the home, mother's drug use, and another child found wandering alone. Mother partially engaged in some services and had supervised visits with the children at issue in this proceeding, but she ultimately did not make meaningful progress and continued to have unsafe people live with her and have contact with father despite father's assault of another child, a court no-contact order, and her articulated desire to make changes to allow for reunification.

With respect to the best-interests determination under ORS 419B.500(1), the evidence demonstrates that both children have high behavioral and developmental needs that require a need for permanency and stability with a protective caregiver. Dr. Bailey, a psychologist that evaluated one of the children, opined that permanency for that child was the "highest priority" so that the child could have a "psychological sense of stability that knowing the people around [the child], the environment around [the child], where [the child] is physically, is not going to change" and that "another failed reunification and re-exposure to maltreatment can have devastating effects on [the child's] well-being even into adulthood." Similarly, Dr. Towell, a psychologist who did an evaluation of the other child, opined that the child had an "extremely urgent need" (emphasis omitted) for permanency given the children's history of trauma, developmental delays, and behaviors. Towell concluded that each "additional stressor (including prolonged lack of permanency and repeated separations from known caregivers) brings with it an increased risk for developing more significant emotional and/or behavioral problems, and place[s] [the child] at risk of being unable to establish or reestablish a healthy bond with any caregiver." In short, given the totality of the evidence in the record, including the children's

heightened needs, we conclude that it is in the children's best interests for mother's parental rights to be terminated.

Affirmed.